(88 South. 25)

### MOORE v. STATE. (5 Div. 332.)

(Court of Appeals of Alabama. Dec. 14, 1920.)

1. CRIMINAL LAW ⊂⇒448(7)—TESTIMONY THAT "FLAKE TROUGH" OF A DISTILLING OUTFIT WAS FOUND ON DEFENDANT'S PREMISES NOT OBJECTIONABLE AS CONCLUSION.

A "flake trough" being a part of a distilling outfit, it was competent for a state's witness to testify that he found a flake trough while searching defendant's premises, on which he testified that he found a still; the testimony being to a fact, and not a conclusion.

2. CRIMINAL LAW ⊂⇒338(6) — ANIMUS OF WITNESS NOT EXAMINED ON BEHALF OF THE STATE IMMATERIAL.

Where a witness was not examined for the state, his feeling toward defendant was immaterial, and objection was properly sustained to a question seeking to elicit testimony on that issue.

3. CRIMINAL LAW ⊂⇒419, 420(1) — WHETHER WITNESS HAD EVER HEARD OF DEFENDANT MAKING WHISKY IMMATERIAL.

In a prosecution for manufacturing intoxicating liquors, the question whether defendant's witness had ever heard of defendant making whisky was immaterial, and objection to such question was properly sustained.

4. WITNESSES ⊂⇒388(2) — UNLESS PROPER PREDICATE IS LAID WITNESS CANNOT BE IMPEACHED BY CONTRADICTORY STATEMENTS.

Statements by the state's witness after he had been to the house of defendant, who was charged with manufacturing prohibited liq-

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

uors, are immaterial save for purposes of impeachment, and, where no proper predicate was laid, objections to questions as to what the state's witness said were properly sustained.

**5. CRIMINAL LAW ☞417(1) — STATEMENTS MADE BY ONE WHO SEARCHED DEFENDANT'S PREMISES IMMATERIAL SAVE FOR IMPEACHMENT.**

Statements made by a witness who had been to the premises of defendant, charged with manufacturing prohibited liquor, are immaterial save for impeachment.

**6. WITNESSES ☞237(3) — QUESTION ASSUMING FACT NOT PROVED IS OBJECTIONABLE.**

In a prosecution for manufacturing intoxicating liquors, a question as to whether a witness did not stay out on the road and threaten to kill defendant was objectionable, assuming a fact not proven.

**7. WITNESSES ☞370(1) — QUESTION AS TO WITNESS' THREATS TO KILL DEFENDANT IMMATERIAL.**

In a prosecution for manufacturing prohibited liquors, question whether witness did not stay out on the road and threaten to kill defendant *held* objectionable, calling for testimony not relevant to any issue in the case.

**8. CRIMINAL LAW ☞823(4) — ERROR IN CHARGE WHICH WAS CORRECTED IMMATERIAL.**

Though the court in its oral charge erred in stating that if within three years before the finding of the indictment defendant made or manufactured prohibited liquor the jury should find him guilty, yet, where the error was explicitly corrected before the jury retired, it was immaterial.

**9. CRIMINAL LAW ☞811(2) — INSTRUCTION SINGLING OUT PART OF THE EVIDENCE IS PROPERLY REFUSED.**

In a prosecution for manufacturing prohibited liquors, an instruction that the fact that a still was found near defendant's house is not alone sufficient to convict him was properly refused because it singled out a part of the evidence.

**10. CRIMINAL LAW ☞753(1) — GENERAL CHARGE HELD PROPERLY REFUSED.**

Where there was sufficient evidence to go to the jury on the question of guilt or innocence, a general charge was properly refused.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Velpeau Moore was convicted of manufacturing prohibited liquors, in violation of Acts 1919, p. 6, § 15, a felony, and he appealed. Affirmed.

Following is charge 4, refused to the defendant:

The fact that a still or what purports to be a still was found near the defendant's house is not alone sufficient to convict the defendant of the offense charged in the indictment.

James W. Strother, of Dadeville, for appellant.

The court does not judicially know that mash beer is a malt liquor. 78 Ala. 417; 89 Ala. 112, 8 South. 56. Counsel discusses the assignments of error relative to the evidence, but without citation of authority. He insists that the new trial should have been granted. 73 Ala. 248; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

SAMFORD, J. [1] A flake trough being a part of a distilling outfit, it was competent for a state's witness in testifying as to what he found while searching defendant's premises, on which he testified he found a still, to testify that he found a flake trough. The testimony was to a fact, and not a conclusion.

[2] Lon Heard not having been examined as a witness for the state, his feeling towards the defendant was immaterial. The court did not err in sustaining the state's objection to a question seeking to elicit this testimony.

[3] As to whether Mose Turner, a defendant's witness, had ever heard of defendant's making any whisky was not material, and objection to this testimony was properly sustained.

[4, 5] As to what Young, the state's witness, said to Booker Moore, after Young had been to defendant's house, was not material to the issues and could not be made so, except for the purpose of impeaching Young's testimony, and that could only be done by laying the proper predicate. This was not done, and the state's objection to the question as to what Young said after the raid had been made was properly sustained.

[6, 7] While Lon Heard was being examined as a witness, on rebuttal, defendant's counsel asked this question, "You stayed out there on the road one night and threatened to kill him, didn't you?" The state objected, the court sustained the objection, and the defendant excepted. The question was objectionable. It assumed a fact not proven and called for testimony not relevant to any issue in the case.

[8] The court in its oral charge was in error in charging the jury, "If within three years before the finding of the indictment the defendant made or manufactured liquors they will find him guilty," but upon his attention being called to the error it was explicitly corrected before the jury retired.

[9] Charge No. 4 singles out a part of the evidence, and for that reason was properly refused.

[10] There was sufficient evidence to go to the jury on the question of guilt or innocence

vel non of the defendant, and for that reason the general charge was properly refused.

For the foregoing reasons the court did not err in refusing the motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.